UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KERBY AURELHOMME                                          PETITIONER

V.                                      CIVIL ACTION NO. 3:25-CV-107-KHJ-MTP

WARDEN YAZOO CITY                                     RESPONDENT

ORDER

Before the Court is pro se Petitioner Kerby Aurelhomme's [5] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] The Court dismisses this action without prejudice.[2]

Aurelhomme is serving his federal sentence at the Federal Correctional Institution in Yazoo City, Mississippi. [5] at 2. On February 12, 2025, he filed this habeas action, invoking Section 2241. [1]. He argues that the Bureau of Prisons has not complied with the First Step Act and the Second Chance Act, which entitle him to serve the rest of his sentence in either a Residential Reentry Center (RRC) or on home confinement. [5] at 3–4. In fact, he argues that he was supposed to go to an RRC on July 19, 2024. *Id.* at 2–3. He asks the Court to transfer him to prerelease custody. *Id.* at 4.

---

[1] When Aurelhomme initiated this action, he failed to verify his [1] Petition for Writ of Habeas Corpus. [1] at 4. So the Court ordered him to verify the [1] Petition. Order Requiring Petitioner to Respond [3]. And he did so. [5] at 4.

[2] An unsigned, undated [4] Motion to Supplement, purportedly mailed by Aurelhomme, seeks to modify the requested relief to just home confinement and raise a recent Bureau of Prisons policy statement. [4] at 1–2. Even if the Court were to consider the [4] Motion, it would not change the result of this case.

The Fifth Circuit has held that "a habeas petition is the proper vehicle to seek release from custody, while a civil rights suit under *Bivens v. Six Unknown Named Agents of Fed[eral] Bureau of Narcotics*, 403 U.S. 388 (1971), is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures" in federal prisons. *Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025) (per curiam) (citation modified). "The bright-line rule [the Fifth Circuit] has adopted is that if a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the proper vehicle is a civil rights suit." *Id.* (citation modified).

"Here, the nature of [Aurelhomme's] requested relief is a transfer to a halfway house or home confinement." *Id.* Because "neither form of relief would entitle him to accelerated release," Section 2241 "is not the proper vehicle." *Id.* Rather, "the relief he seeks is properly [s]ought in a civil rights suit." *Id.* So the Court dismisses this habeas action without prejudice. *See id.*; *see also, e.g.*, *Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (per curiam) ("The district court correctly dismissed [Section 2241] claims without prejudice based on a determination that [the petitioner] must seek such remedies in a civil rights action.").

For the reasons stated, the Court DISMISSES this case without prejudice. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Aurelhomme at his address of record.

SO ORDERED, this 17th day of July, 2025.

                                                      s/ *Kristi H. Johnson*
                                         UNITED STATES DISTRICT JUDGE